No. ——

First Circuit Appeal

C. H. WELCH v. N. O. T. & M. RY. CO.

(Dec. 30, 1924, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Railroads—Par. 84.**
Where a mule walks on to a railroad track sixty feet in front of a train and is killed although the engineer did all that was possible to avoid the accident; the railroad is not liable.
(See Act 70 of 1886 and Civil Code, Article 2315. Editor's note.)

Appeal from the Parish of Acadia, Hon. Wm. Campbell, Judge.

This is a suit for the recovery of the value of a mule. There was judgment for plaintiff and defendant appealed. Judgment affirmed.

J. D. Canan, of Crowley, attorney for plaintiff and appellee.

Chappuis & Chappuis, of Crowley, attorneys for defendant and appellant.

LECHE, J. A mule belonging to plaintiff was killed about 9:30 o'clock the evening of April 26, 1923, by a train of the defendant company and the present suit is to recover its value.

Clenen the engineer, first saw the mule attempting to cross the track from the left, about ten feet ahead of his engine. He used all the means at his command to avoid the accident, but it was too late. The mule was struck by the pilot of the engine and thrown off the track.

Allen, locomotive fireman, also saw the mule after it had emerged from the tall weeds on the left side of the track. It seemed to hesitate, then it suddenly started across the track about 15 feet ahead of the engine. He warned the engineer, who occupies the right side of the cab, but it was too late.

King, conductor of the train, was riding on the pilot of the engine. The mule came from the bushes. He only saw it when within six feet of the pilot. He was in a dangerous position and barely had time to get his feet out of the way before the pilot struck the mule.

Judd, assistant superintendent of the railroad, was riding in the cab, on the left of the fireman's side. He does not think it was sixty feet away when he first saw the mule coming from the left side of the track. The engineer was at once informed, but it was then too late to avoid the collision.

All these witnesses who were the only eye witnesses to the accident, testify that the train was running about twelve miles an hour and that the accident was unavoidable.

It is true that they were all employees

of the defendant company, but that fact alone is not sufficient to discredit their testimony. There is no reason in law or equity why we should presume or assume without any apparent reason beyond their admission that they are employees of defendant, that these witnesses misrepresented or concealed the facts and that they perjured themselves.

We believe the defendant has purged itself of the imputation of negligence and that plaintiff's demand should be refused.

For these reasons the judgment appealed from is avoided and reversed and plaintiff's demand is rejected at his costs.